**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| SCOTT TRAUDT, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-01360-CR |
| | ) | |
| | ) | |
| PAUL ATKINS, CHAIRMAN, | ) | |
| SECURITIES AND EXCHANGE | ) | |
| COMMISSION, in his official capacity | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**MOTION TO STAY DISCOVERY DURING PENDENCY OF RESPONDENT'S**
**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Pursuant to Local Rule 26(a)(3), Respondent Paul Atkins, Chairman, Securities and

Exchange Commission ("Respondent" or "Commission"), by and through his attorney, Michael

P. Drescher, Acting United States Attorney for the District of Vermont, moves to stay discovery

in this matter during the pendency of Respondent's Motion to Dismiss the First Amended

Petition ("Motion to Dismiss") (Dkt. 12). Petitioner Scott Traudt ("Petitioner") opposes a stay of

discovery pending a ruling on the Motion to Dismiss.

In the Motion to Dismiss, Respondent argues that Petitioner cannot establish subject-

matter jurisdiction for his mandamus petition, and that even if he could, he cannot show that

Respondent owes a clear nondiscretionary duty to perform the requisite action, the re-opening of

trading in Meta Materials Series A Preferred Shares ("MMTLP") that were cancelled over two

years ago. Nevertheless, Petitioner has represented that during the pendency of the Motion to

Dismiss, he intends to seek production from Respondent of Blue Sheet data[1] that FINRA may

have pulled on or about December 5, 2022.  (*See* Dkt. 5, First Amended Petition for Writ of

Mandamus, Appendix C.)  Petitioner also has represented that he is considering serving

Respondent with other discovery requests, including requests for production of documents and

interrogatories, as well as seeking third-party discovery.[2]  As argued below, a stay of discovery is

appropriate in this case given the strength of Respondent's arguments in the motion to dismiss;

the desirability of avoiding undue burden and waste of resources for Respondent; and the lack of

unfair prejudice to Petitioner resulting from the stay.

## MEMORANDUM

The Federal Rules of Civil Procedure and Local Rules of this Court grant courts the

power to deny, limit, or qualify discovery upon a showing of good cause.  *See* Fed. R. Civ. P.

26(c); *see also* L.R. 26(a)(3) (allowing parties to seek a stay of discovery during the pendency of

motions to dismiss if a stay "will help to secure the just, speedy, and inexpensive determination

of the action").  Courts in this Circuit look to three factors in evaluating whether good cause

exists for a stay: "(1) whether the defendant has made a strong showing that the plaintiff's claim

is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk

of unfair prejudice to the party opposing the stay."  *Chesney v. Valley Stream Union Free Sch.*

*Dist., No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted); *see also Hong Leong Fin.*

---

[1] Blue Sheet data is a tool that FINRA and the Commission use to analyze trading activity.  *See* Electronic Blue Sheets (EBS), *available at* https://www.finra.org/filing-reporting/electronic-blue-sheets-ebs.  Blue Sheet data files contain trading and account holder information that firms provide upon request to regulatory agencies.  *Id.*; *see also* 17 C.F.R. § 240.17a-25.

[2] For example, in a letter dated April 25, 2025, Petitioner represented that he intended to serve subpoenas while the Motion to Dismiss was pending on Financial Industry Regulatory Authority ("FINRA"), Depository Trust & Clearing Corporation, Charles Schwab, Inc., TD Ameritrade, Fidelity, E-Trade, and Virtu Americas, LLC, seeking financial data and other information.

*Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Each factor favors a stay of discovery in this case.

Regarding the first factor, the motion to dismiss raises strong jurisdictional arguments each of which supports dismissal of this case. As argued in the motion, Petitioner lacks standing to bring his claim, as neither the Chairman (or the Commission) nor the Court can re-open trading and create the trading situation that Petitioner would like to see. Thus, a ruling in Petitioner's favor could not redress his alleged injuries. (Dkt. 12 at 8-11.) Moreover, a proceeding challenging the lack of a Commission order must proceed only in a court of appeals. (*Id.* at 11-12.) Finally, Petitioner does not and cannot identify a waiver of sovereign immunity that would allow the court to exercise jurisdiction. (*Id.* at 12-16). Where a dispositive motion makes well-founded jurisdictional defenses and would dispose of an action in its entirety, such as here, a stay of discovery is "particularly appropriate." *See Sharma v. Open Door NY Home Car Servs., Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (citation omitted); *see also Hong Leong Fin. Ltd.*, 297 F.R.D. at 75 ("[W]e have been mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction.") (citing *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990)); *Dunning v. Supergoop, LLC*, No. 23 CIV. 11242, 2024 WL 2326082, at *1 (S.D.N.Y. May 22, 2024) (staying discovery where motion to dismiss made "colorable, threshold challenges to this Court's subject matter jurisdiction on standing grounds").

Regarding the second factor, it would be unduly burdensome for the Commission to gather, review, and produce the Blue Sheet data. As noted by FINRA when faced with a similar request from Petitioner in *Traudt v. Rubenstein*, No. 2:24-cv-00782 (D. Vt.), Blue Sheet data is highly sensitive and confidential because it consists of confidential, personal, financial, and

identifying information for individuals and other investors.  (Dkt. 29, FINRA's Mem. of Law in

Opp. to Pl.'s Mot. for Expedited Discovery at 4-5.)  Moreover, the process to identify potentially

responsive data and redact sensitive and confidential information from it would be time-

consuming and threaten to disrupt Commission staff's day-to-day responsibilities.  The

Commission would face additional burden responding to requests for production of documents

and interrogatories, which Petitioner has stated he is considering serving on the Commission

while the Motion to Dismiss is pending.  Where, as here, a dispositive motion is pending and

responding to discovery would impose some burden on a party, courts have found that a stay is

warranted.  *See Lu v. Cheer Holding, Inc.*, No. 24-Civ-459, 2024 WL 1718821, at *3-4

(S.D.N.Y. Apr. 19, 2024) (finding potential burden on defendants of responding to

interrogatories "not inconsiderable" and staying discovery); *Renois v. WVMF Funding, LLC*, No.

20-cv-09281, 2021 WL 1721818, at *2-3 (staying discovery, in part, because adjudication of

motion to dismiss that raised "substantial arguments" on lack of standing and jurisdiction "might

avoid the need for [] costly and time-consuming discovery") (S.D.N.Y. Apr. 30, 2021) (citation

omitted); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (a stay

of discovery is appropriate where "adjudication of [a] pending motion to dismiss may obviate the

need for burdensome discovery").

Regarding the third factor, the stay would not last longer than the pendency of the Motion

to Dismiss, Petitioner's claims are not time-sensitive, and Petitioner will have ample time and

opportunity to pursue discovery should the Motion to Dismiss be denied.  Moreover, Petitioner

has not articulated any need for Blue Sheet data or other discovery to respond to the

Commission's arguments in the Motion to Dismiss.  Nor could he as the Commission's

arguments in the Motion to Dismiss concern the lack of subject-matter jurisdiction and failure to

state a claim, which are legal in nature and do not depend on any fact discovery.  Accordingly,

Petitioner will suffer little, if any, prejudice from the stay.  *See, e.g.*, *Sharma*, 345 F.R.D. at 569

(finding little risk of unfair prejudice given the shortness of the stay and because the case is "still

in its early stages"); *Spira v. TransUnion, LLC*, No. 7:23-cv-04319, 2023 WL 5664215, at *2

(S.D.N.Y. Sept. 1, 2023) ("[C]ourts do "not believe that a temporary and finite delay in attaining

discovery, when there are no time-sensitive claims at issue, amounts to prejudice.") (citation

omitted).

    For the foregoing reasons, Respondent respectfully requests that the motion to stay

discovery during the pendency of Respondent's Motion to Dismiss be granted.


Date: June 13, 2025                                    Respectfully submitted,

                                                       UNITED STATES OF AMERICA

                                                       MICHAEL P. DRESCHER
                                                       Acting United States Attorney

                                                By:    /s/ *Lauren Almquist Lively*
                                                       Lauren Almquist Lively
                                                       Assistant U.S. Attorney
                                                       P.O. Box 570
                                                       Burlington, VT 05402-0570
                                                       (802) 951-6725
                                                       Lauren.Lively@usdoj.gov