U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

2025 AUG -7 PM 2:42

CLERK

BY _____
DEPUTY CLERK

SCOTT TRAUDT )
    Petitioner, )
)
v. ) No. 2:24-cv-01360
)
PAUL ATKINS, in his official )
capacity as CHAIRMAN OF THE )
SECURITES AND EXCHANGE )
COMMISSION )
    Respondent. )

**ORDER GRANTING RESPONDENT'S MOTION TO STAY DISCOVERY DURING PENDENCY OF RESPONDENT'S MOTION TO DISMISS**
(Doc. 15)

Respondent Paul Atkins ("Respondent" or "Atkins"), Chairman of the Securities and Exchange Commission ("SEC"), moves to stay discovery in this matter pending a ruling on Respondent's Motion to Dismiss the First Amended Petition (Doc. 12[*]; Doc. 15.) Petitioner Scott Traudt ("Petitioner" or "Traudt") opposes this motion. (Doc. 18; Doc. 19.) Petitioner is representing himself pro se. Respondent is represented by Assisted United States Attorney Lauren Almquist Lively.

**I. Background**

Petitioner asserts he was harmed when, on December 9, 2022, a trading halt was issued by the Financial Industry Regulatory Authority ("FINRA") regarding Meta Materials Series A Preferred Shares ("MMTLP") and the refusal by the SEC to reopen trading on MMTLP. (Doc. 5, ¶¶ 45, 52, 57, 65-66.) On December 9, 2024, Traudt filed a petition for a Writ of Mandamus in

---

[*] At the time the Petition was filed, the SEC Chairman was Gary Gensler. Paul Atkins was sworn in as the Chairman of the SEC on April 21, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), if "a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending," then "[t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Additionally, "[l]ater proceedings should be in the substituted party's name." *Id.* The case caption has been updated to reflect this change.

this court, seeking to compel Respondent in his official capacity as Chairman of the Securities and Exchange Commission to immediately reopen two days of pay-to-close trading for MMTLP. (Doc. 1.) Petitioner filed an Amended Petition on January 17, 2025. (Doc. 5.)

Respondent filed a Motion to Dismiss for Failure to State a Claim on May 2, 2025. (Doc. 12.) Petitioner has been twice granted an extension of time to file a response to the Motion to Dismiss. (Doc. 14; Doc. 25.) Petitioner's response is now due August 9, 2025, and Respondent's reply is due August 23, 2025. (Doc. 25.)

Respondent filed a Motion to Stay Discovery while the Motion to Dismiss is pending. (Doc. 15.) Respondent asserts a stay is appropriate given the strength of the arguments raised in the Motion to Dismiss, the burden associated with the requested discovery, and the lack of prejudice to Petitioner resulting from the stay. Petitioner objects to a stay in discovery, arguing the claims in Respondent's Motion to Dismiss are not persuasive, Respondent has exaggerated the burden caused by the discovery requests, and Petitioner would be prejudiced by a stay.

**II. Legal Standard**

Federal Rule of Civil Procedure 26(c) grants district courts authority to modify a discovery schedule upon a showing of good cause. Fed. R. Civ. P. 26(c). Local Rule 26(a)(3) allows a party to request a stay while a motion to dismiss is pending if the stay "will help to secure the just, speedy, and inexpensive determination of the action." L.R. 26(a)(3). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a party moving for a stay has shown good cause, the following factors are considered: "(1) whether the defendant has made a strong showing that the [petitioner's] claim is unmeritorious; (2) the breadth of discovery and

the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *BlackBerry Corp. v. Coulter*, No. 22-cv-98, 2022 WL 19836977, at *1 (D. Vt. June 6, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist.*, No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (noting motion for stay must be supported by substantial arguments for dismissal).

### III. Analysis

#### A. Merits of the Motion to Dismiss

The court finds that Respondent's arguments in support of his Motion to Dismiss are well-grounded in law and likely meritorious. Section 25(a) of the Securities Exchange Act of 1934 indicates that "[a] person aggrieved by a final order of the [SEC] entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit." 15 U.S.C. § 78y(a). "[W]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *Telecomms. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 75 (D.C. Cir. 1984). This jurisdiction extends to an agency's failure to act in a timely manner. *See id.* at 75-76. Such jurisdiction is in the interest of public policy as "[a]ppellate courts develop an expertise concerning the agencies assigned them for review. Exclusive jurisdiction promotes judicial economy and fairness to the litigants by taking advantage of that expertise." *Id.* at 78.

Given Petitioner's claims for relief and his stated residence, the Second Circuit Court of Appeals has exclusive jurisdiction over this case. 15 U.S.C. § 78y(a); *see id.* at 75. Petitioner counters by asserting this argument "ignores the Administrative Procedure Act (APA), which vests

district courts with jurisdiction to review agency inaction." (Doc. 18 at 8.) Petitioner cites to 5 U.S.C. § 706(1). The Supreme Court has held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Petitioner has failed to identify a *discrete* action that the SEC was *required to take*. Accordingly, the court cannot find that Petitioner's claim is properly before it.

### B. Breadth of Discovery and the Burden of Responding

Petitioner argues that his discovery request will not be burdensome as he only seeks sanitized "Electronic Blue Sheets" in MMTLP which he asserts have been produced previously. (Doc. 19 at 1-2.) Respondent replied with a declaration from an attorney with the SEC confirming that "Blue Sheet data files contain highly confidential information" which include "account numbers, social security numbers, and trader names and addresses." (Doc. 29-1, ¶ 2.) Additionally, they may "implicate the attorney work product doctrine, as the date ranges or other limiting parameters in a data file request may reveal attorney mental impressions." (*Id.*) This declaration also indicated no Electronic Blue Sheets have been produced in discovery in other litigation related to MMTLP. (*Id.* ¶¶ 3-4.) Additionally, Respondent provided a declaration indicating the MMTLP Blue Sheets were not provided to a congressman or a constituent, as alleged by Petitioner. (Doc. 29-2, ¶ 6.)

Given that the MMTLP Blue Sheets have not previously been produced as alleged by Petitioner, the court finds that production and sanitization of the Blue Sheets would pose a significant burden on Respondent's agency and staff. Where a pending motion to dismiss is "potentially dispositive, and appears to not be unfounded in law," a stay in discovery has been found to be warranted where "the adjudication of the pending motion to dismiss might avoid the

need for costly and time-consuming discovery[.]" *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). Such are the circumstances here.

### C. Risk of Unfair Prejudice to the Opposing Party

Finally, the court must consider the potential prejudice Petitioner might experience if discovery is stayed pending the outcome of the motion to dismiss. Petitioner asserts he "has already suffered financial losses from the MMTLP trading halt, and further delay prevents him from obtaining data needed to pursue remedies or respond to the Motion to Dismiss." (Doc. 18 at 12). Petitioner has not identified how the Electronic Blue Sheets for MMTLP will assist him in responding to Respondent's Motion to Dismiss. If Petitioner overcomes the issues raised in the Motion to Dismiss, which appears entirely unrelated to the Electronic Blue Sheets, Petitioner will be able to request the discovery he seeks and pursue his requested remedies. The court cannot find that a delay in obtaining these documents while the Motion to Dismiss is pending creates a risk that Petitioner will suffer unfair prejudice.

### IV. Conclusion

For the foregoing reasons, Respondent's Motion to Stay Discovery During Pendency of Respondent's Motion to Dismiss (Doc. 15), is hereby GRANTED.

DATED at Rutland, in the District of Vermont, this 7th day of August 2025.

Mary Kay Lanthier
United States District Judge

5