UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CASE NO. 2:24-cv-01360-CR |
| | ) |
| PAUL ATKINS, CHAIRMAN, | ) |
| SECURITIES AND EXCHANGE | ) |
| COMMISSION, | ) |
| in his official capacity | ) |
| | ) |
|     Respondent. | ) |

**RESPONDENT'S REPLY MEMORANDUM IN SUPPORT OF HIS
MOTION TO DISMISS THE FIRST AMENDED PETITION**

Respondent Paul Atkins, Chairman, Securities and Exchange Commission ("Respondent"), by and through his attorney, Michael P. Drescher, Acting United States Attorney for the District of Vermont, submits this reply in support of his Motion to Dismiss the First Amended Petition ("Motion to Dismiss" or "Mot.") (Dkt No. 12).  In his response to the Motion to Dismiss, Petitioner Scott Traudt ("Petitioner") acknowledges that his mandamus claim should have been brought in a court of appeals under 15 U.S.C. § 78y(a) and requests transfer to the Second Circuit Court of Appeals under 28 U.S.C. § 1631 (Dkt. No. 32).  Transfer of Petitioner's claim is inappropriate because the Second Circuit Court of Appeals would lack subject matter jurisdiction over the claim and Petitioner's claim has no possible merit.

"Under Section 1631, a court is 'required to transfer a case to another court when: (1) it lacks jurisdiction over the case; (2) the transferee court would have possessed jurisdiction over the case at the time it was filed; and (3) transfer would be in the interest of justice.'" *Ramdial v. Bowes*, No. 20-CV-005599, 2021 WL 1193211, at *5 (E.D.N.Y. Mar. 30, 2021) (quoting *Ruiz v.*

*Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009)). Where the transferee court would lack subject matter jurisdiction following transfer of the case, both the second and third requirements are lacking. *See* 8B Wright & Miller's Fed. Prac. & Proc. § 3842 (4th ed. 2025) ("The transferee court in a Section 1631 transfer must be one 'in which the action or appeal could have been brought at the time it was filed or noticed.' Obviously, then, the transferee must have subject matter jurisdiction over the matter.") (quoting 28 U.S.C. § 1631); *Redmond v. House of Monty Hill, LLC*, No. 23-CV-7549, 2023 WL 7091916, at *1 (E.D.N.Y. Oct. 26, 2023) ("[A] court lacking subject matter jurisdiction over a case cannot transfer the case to another court that also lacks subject matter jurisdiction over the case."); *Ramdial*, 2021 WL 1193211, at *5 (it is not in the interest of justice to transfer a case under Section 1631 where the transferee court lacks subject matter jurisdiction). In addition, when evaluating the interest of justice requirement, "[w]hether or not the suit has any possible merit bears significantly on whether the court should transfer, and if it does not, the court should not waste the time of another court by transferring it." *Ojo v. United States*, No. 15-CV-6089, 2024 WL 2013853, at *3–4 (E.D.N.Y. May 6, 2024) (quoting *Moreno-Bravo v. Gonzales*, 463 F.3d 252, 263 (2d Cir. 2006)); *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 435-36 (2d Cir. 2005) (a court can "peek at the merits" of a case in deciding whether to grant a transfer request, and where the claim is meritless "should dismiss the case rather than waste the time of another court").

      The Second Circuit Court of Appeals would lack subject matter jurisdiction for two reasons. First, as Respondent demonstrated in the Motion to Dismiss, Petitioner lacks standing to pursue his claim because no court can grant the relief Petitioner seeks. Mot. at 8-11. Second, Petitioner has not identified a waiver of the government's sovereign immunity that would permit a court to hear Petitioner's mandamus claim. *Id.* at 12-16. Because these fatal flaws will prevent

any court from exercising subject-matter jurisdiction over Petitioner's mandamus claim, the Court should decline Petitioner's request to transfer this case to the Second Circuit Court of Appeals.  *See Am. Bd. of Emergency Medicine*, 428 F.3d at 444-45 (declining to transfer antitrust claims to another court that otherwise would have jurisdiction where plaintiffs lacked antitrust standing); *Barnes v. Trump*, No. 18-CV-1025, 2019 WL 1168429, at *3-4 (E.D. Wis. Mar. 13, 2019) (declining to transfer a case under Section 1631 to a court that would have proper jurisdiction where plaintiff lacks Article III standing); *New York ex rel. Fox v. Fed. Bureau of Prisons*, No. 08-cv-4816, 2008 WL 5191843, at *2-3 (E.D.N.Y. Dec. 5, 2008) (same); *Deluxe Delivery Serv. v. United States*, 53 Fed. App'x 554, 2002 WL 31856879, at *1 (Fed. Cir. Dec. 3, 2002) (declining to transfer RICO claims under Section 1631 where sovereign immunity prevented a court from exercising jurisdiction).

Transfer is also not appropriate because Petitioner's claim has no possible merit.  Respondent demonstrated in the Motion to Dismiss that Petitioner failed to state a claim for relief because he has not identified a "clear and indisputable" right to the mandamus relief he seeks.  Mot. at 16-19.  At no point in this litigation has Petitioner pointed to authority that would establish a "clear nondiscretionary duty" on the part of the Commission or the Chairman to reopen two days of pay-to-close trading for MMTLP.  Any further litigation in another court would only needlessly prolong the inevitable: dismissal of the claim for lack of subject-matter jurisdiction and failure to state a claim for relief.

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court deny Petitioner's transfer request under 28 U.S.C. § 1631 and dismiss the First Amended Petition.

Date: August 18, 2025                    Respectfully Submitted,

                                                        UNITED STATES OF AMERICA

                                                        MICHAEL P. DRESCHER
                                                        Acting United States Attorney

                               By:    *Lauren Almquist Lively*
                                                        Lauren Almquist Lively
                                                        Assistant U.S. Attorney
                                                        P.O. Box 570
                                                        Burlington, VT 05402-0570
                                                        (802) 951-6725
                                                        Lauren.Lively@usdoj.gov